IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | CASE NO. |
| The Ginther Trusts, § | | 98-32663-11 |
| A Texas Joint Venture § | | |
| DEBTOR § | | ADV. NO. |
| Lisa Lee De Montaigu § | | 04-3944 |
| PLAINTIFF § | | |
| vs. § | | |
| Noble Ginther, Jr., § | | |
| Stuart Douglas Ferrell, § | | |
| Edmond Lee Ginther, § | | |
| Marilyn Ginther Orr, § | | |
| Fergus M. Ginther and § | | |
| Adriana M. Ginther § | | |
| DEFENDANTS § | | |

**MEMORANDUM OPINION ON MOTION OF EDMOND L. GINTHER AND
MARILYN GINTHER ORR (NOW EAGLE) FOR RECONSIDERATION OF ORDER
ON FIRST AMENDED COMPLAINT AND COUNTER-CLAIMS**

    The above referenced adversary proceeding involves members of the Ginther Family who have been squabbling amongst themselves for years and will doubtless continue to do so. On July 21, 2005, this Court issued a Memorandum Opinion on: (A) First Amended Complaint for Declaration Judgment filed by Liquidating Trustee; (B) Counterclaim for Declaratory Relief and Cross-Claim for Damages, and Motion for Partial Summary Judgment filed by Fergus M. Ginther; (C) Counterclaim for Declaratory Relief and Motion for Summary Judgment filed by Edmond L. and Motion for Summary Judgment filed by Edmond L. Ginther and Marilyn Ginther Eagle; and (D) Counterclaim filed by Stuart Douglas Ferrell and Noble C. Ginther. (Docket number 93). This

Opinion was entered on the docket on July 21, 2005. On that same day, this Court's Order associated with the Memorandum Opinion (docket number 95) was entered on the docket.

On August 1, 2005, Edmond L. Ginther and Marilyn Ginther Orr (now Eagle) filed a Motion for Reconsideration of Order on First Amended Complaint and Counter-Claims (the Motion). On September 1, 2005, a hearing was held on the Motion. Susan Hardie Jacks, counsel for Mr. Ginther and Ms. Eagle (Movants), appeared at this hearing and made arguments on behalf of the Movants. Berry Dunbar Bowen, counsel for Fergus M. Ginther and Adriana Ginther (Respondents), also appeared and made arguments in opposition to the Motion. The purpose of this Memorandum Opinion is to address one issue raised at the hearing.

Movants contend that the transcript of an unscheduled hearing held on June 5, 2002 before the Honorable William R. Greendyke reflects that Judge Greendyke issued a ruling which is completely counter to the ruling issued by this Court on July 21, 2005. This Court has reviewed this transcript (a true and correct copy of which is attached to this Memorandum Opinion as **Exhibit A**), and does not agree with Movants' position.

This Court's July 21 ruling expressly held that a post-confirmation settlement agreement is unenforceable because the agreement modified the confirmed plan in this case when that plan was already substantially consummated. Under 11 U.S.C. § 1127(b), when a confirmed plan has been substantially consummated, its terms may not be modified. Movants contend that at a hearing held on June 5, 2002, Judge Greendyke approved the settlement agreement, and they cite page 2, lines 5 through 9 of the hearing's transcript in support of their position. Accordingly, the Movants contend this Court's ruling from July 21 overrules the ruling they believe Judge Greendyke issued from the bench at the June 5, 2002 hearing. The Respondents disagree. So does this Court.

A review of the entire transcript from the June 5 hearing, as well as a review of the Order signed by Judge Greendyke on June 5, 2002, indicates that while Judge Greendyke thought the terms of the settlement agreement were "wonderful"—probably because he saw a glimmer of hope that these warring family members might finally achieve peace—he nevertheless believed that the settlement agreement constituted a modification of the plan that could <u>not</u> be approved. For example, in the transcript, on page 2, lines 12 through 21, Judge Greendyke said: "I have real misgivings about modifying the plan. As soon as we left the last hearing Monday, I went straight to Collier's and my Bankruptcy Law Ed Edition and started looking at all the cases that we talked

about, and I don't think the plan is modifiable. I mean, I don't think, under any stretch of the law or the imagination, that I can reek [sic] a modification on anybody. I think the deal is wonderful. I don't know how to approve it. I want to approve it, I want to do everything I can do, but I just cannot put my name on an order that I think I have no law to support".

The Order signed by Judge Greendyke matched his verbal comments from the bench. The Order reflected his belief that as a matter of law, he could not approve the settlement agreement because it modified the substantially consummated plan. This Order, which is attached to this Court's Memorandum Opinion of July 21, 2005, is also attached to this Memorandum Opinion as **Exhibit B**. Judge Greendyke altered the Order which counsel submitted to him by expressly writing in at the bottom of page 1 of this Order the following sentence:

> Court declines to "modify" under § 1127; however, this is without prejudice to any agreement between parties or any other requested relief under State or other federal law.

Judge Greendyke's handwritten comment reflects his steadfast refusal to approve a settlement agreement that modified the confirmed plan while simultaneously conveying a message to the parties that if they could find a way to reach a peaceful resolution under some other applicable law, they were free to try to do so.

This Court's ruling of July 21, 2005 expressly held that the settlement agreement entered into by the parties modified the plan and therefore was unenforceable. Contrary to the Movants' view that this Court's July 21 ruling overruled Judge Greendyke's Order of June 5, 2002, this Court believes its ruling is not only consistent with Judge Greendyke's Order and comments from the bench on June 5, 2002, but actually enforces both Judge Greendyke's June 5, 2002 Order as well as § 1127 of the Bankruptcy Code. Accordingly, this Court believes that the Movants' Motion for Reconsideration is without merit.

This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law[1] pursuant to Fed. R. Civ. P. 52, as incorporated into adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7052. The Court will issue a separate order consistent with this Memorandum Opinion.

Signed this 6th day of September, 2005.

Jeff Bohm
United States Bankruptcy Judge

---

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.

EXHIBIT A

AUG 1 2005

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | NO. 98-32663-H4-11 |
| | * | |
| THE GINTHER TRUSTS, | * | Houston, Texas |
| | * | 10:34 a.m. - 10:38 a.m. |
| DEBTOR. | * | June 5, 2002 |

* * * * *

**UNSCHEDULED HEARING**

BEFORE THE HONORABLE WILLIAM R. GREENDYKE
UNITED STATES BANKRUPTCY JUDGE

* * * * *

APPEARANCES:

For Lisa Lee de Montaigu,
Liquidating Trustee:

    MR. CHARLES E. LONG
    **Morris, Lendais, Hollrah & Snowden, P.C.**
    1980 Post Oak Boulevard, Suite 700
    Houston, Texas 77056

For Fergus M. Ginther, Sr., a/k/a
Fergus M. Ginther and Adriana N. Ginther:

    MR. BERRY D. BOWEN
    **Attorney at Law**
    3333 West Alabama, Suite 100
    Houston, Texas 77098

Courtroom Clerk:

    Evangeline "Vangie" Attaway

Electronic Recorder:

    Pat Williams

Proceedings recorded by electronic sound recording
Transcript produced by transcription service

*GLR Transcribers*
9251 Lynne Circle
Orange, Texas 77630 * 409-330-1610

858

```
 1            [10:34 a.m. - Proceedings as follows:]
 2            MR. LONG:  Forgive my appearance, Your Honor.
 3            THE COURT:  I understand.
 4            MR. LONG:  I'm supposed to be on my way to a retreat
 5   for Porter & Hedges.
 6            We've given the proposed order to your
 7   secretary.  We would like to close the transaction and would
 8   like the order signed and entered, if we could.
 9            THE COURT:  I haven't seen it.  I don't know when
10   we'll have a chance to read it.  I will tell you -- I know it's
11   here because I was standing there when he brought it in.
12            I have real misgivings about modifying the plan.
13   As soon as we left the last hearing Monday, I went straight to
14   Collier's and my Bankruptcy Law Ed Edition and started looking
15   at all the cases that we talked about, and I don't think the
16   plan is modifiable.  I mean, I don't think, under any stretch
17   of the law or the imagination, that I can reek a modification
18   on anybody.  I think the deal is wonderful.  I don't know how
19   to approve it.  I want to approve it, I want to do everything I
20   can do, but I just cannot put my name on an order that I think
21   I have no law to support.
22            MR. LONG:  All right.
23            THE COURT:  So I'm struggling with you and I don't
24   want you to stop your retreat and I know everybody wants their
25   money because it's been a long haul, but I've got to figure out
```

1  something that I can live with intellectually and honestly.
2             You know, it would be better, having known about
3  it, if I would just say I can't do it. Whatever y'all want to
4  do by agreement, by contract, is fine. I just can't call it a
5  modification. I think the compromise is totally appropriate,
6  it's wonderful; but legally, it's not a modification and it
7  can't be because the law just doesn't allow it and I don't want
8  to start crossing my fingers behind my back and just saying
9  it's okay.
10            MR. LONG: All right. Well, what we can do, what
11 we'll have to do, is sever the modification and then do an
12 interclass agreement, that's all we can do, as a contract.
13            MR. BOWEN: We can seek approval of a compromise, as
14 any other unsecured class-agreed claim resolution.
15            MR. LONG: We'd have that, I think.
16            THE COURT: I mean, obviously, I'm going to need to
17 look at what you have.
18            MR. LONG: Right.
19            THE COURT: Perhaps attach it to my order, write the
20 order and say at hearing there's been no objection, taken
21 evidence, approved the compromise, declines without prejudice
22 to approve the modifications, and the parties are free to deal
23 among themselves as they see fit in accordance with state law.
24            I mean, I want you to do the deal, I'm delighted
25 to do it. I just can't call it what it is, and I'm sorry.

1    MR. BOWEN: We think we could -- I think we could get
2  an agreed order back over here within an hour or by noon time.
3  I think we can.
4    THE COURT: *(Laughing)* I'm delighted for you to do
5  the work --
6    MR. BOWEN: Sure.
7    THE COURT: -- and I'm perfectly willing to assume
8  the job myself since I'm the clog in the churn.
9    MR. BOWEN: So we can get it done, we can get it back
10 here.
11   MR. LONG: I'm not sure we can do that. I'm not
12 going to be able to close because only Mr. Bowen's client is in
13 town. I have to find someone in Utah, Galveston and Austin to
14 obtain the signatures in the proposed order that you required
15 of us on Monday, and that's two days. So I'm not sure we can.
16   MR. BOWEN: That's true, but we'll do our best.
17   MR. LONG: That's all we can do.
18   THE COURT: Should I wait for you, given what I've
19 said?
20         And again, for the record, we're talking about
21 the *Ginther Trusts* case. I don't have the number, but
22 Mrs. Attaway will supply it to the reporter. I invited y'all
23 to appear in open court in connection with the order at the
24 conclusion of our hearing on Monday, and that's why you're
25 here.

1    MR. LONG:  Well, I think we could take this proposed
2 order that's sitting in chambers and do what you just said to
3 do to it and get you to sign what's there.  I'll still have to
4 submit an intercreditor agreement among members of Class 6 to
5 get it done, and that's what's going to take a little bit of
6 time.
7    THE COURT:  Okay.  And if y'all want to go fetch that
8 and work on it or redo it at your office and bring it to me,
9 that's fine, but my conclusion is it can't be a modification,
10 in spite of how much I personally want to do it and to make you
11 all happy and go away.
12    MR. BOWEN:  I should think we can take the terms and
13 simply put them in a contractual form, binding on my clients,
14 and it will be sufficient.
15    THE COURT:  All right.  I think a compromise is
16 wonderful.
17    MR. BOWEN:  Thank you, Your Honor.
18    MR. LONG:  Thank you, Your Honor.
19    MR. BOWEN:  May we be excused?
20    THE COURT:  Thank you, gentlemen.  Sorry for the
21 inconvenience.
22    *[10:38 a.m. - Proceedings adjourned.]*
23
24
25

# C E R T I F I C A T I O N

I certify that the foregoing is a correct transcript of the electronic sound recording of the proceedings in the above-entitled matter.

*[Signature]*
**Signature of Transcriber**

8-5-05
**Date**

EXHIBIT B

United States Courts
Southern District of Texas
ENTERED
JUN 0 5 2002
Michael N. Milby, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:

| | | |
|---|---|---|
| THE GINTHER TRUSTS, | § | CASE NO. 98-32663-H4-11 |
| A TEXAS JOINT VENTURE | § | (CHAPTER 11) |
| | § | |
| Debtor | § | |

### STIPULATIONS AND ORDER FOR APPROVAL OF MODIFICATION OF SECOND AMENDED GINTHER PLAN OF REORGANIZATION AND OF COMPROMISE WITH FERGUS M. GINTHER, SR.

In Houston, came on for hearing the Second Motion of Lisa Lee de Montaigu, Liquidating Trustee to Modify Second Amended Ginther Plan of Reorganization, dated April 20, 2001 and For Approval of Compromise (the "Motion"); and it appearing to the Court that notice of the Motion was *as stated below*, adequate and upon evidence and argument presented that the Motion should be granted, it is therefore ORDERED:

1. the Second Amended Ginther Plan of Reorganization, dated April 20, 2001, as modified by the Order, dated October 15, 2001, *may not be* further modified ~~and~~ amended as set forth in the Second Modification to Second Amended Ginther Plan of Reorganization filed in this Court on April 24, 2002 (the "Plan")*; ~~A copy of the Second Modification is attached hereto~~;

2. as provided in these Stipulations and Order the compromise by and between Lisa Lee de Montaigu, Liquidating Trustee ("Liquidating Trustee") and Fergus M. Ginther, Sr., aka Fergus M. Ginther ("Fergus") and Adriana N. Ginther ("Adriana") is hereby approved and Liquidating Trustee is hereby authorized to consummate such compromise;

3. after the entry of this Order on a date to which Liquidating Trustee and Fergus mutually agree (the "Closing Date") Liquidating Trustee shall pay $500,000.00 to Fergus and Adriana or their designee from the Unsecured Creditors' Fund under the Plan;

4. on the Closing Date Fergus shall file a motion and proposed order in a form approved by Liquidating Trustee, seeking the immediate dismissal or withdrawal with prejudice, any and all of his claims, objections and/or grounds for relief in or for each of the following:

    a. Fergus M. Ginther v. The Unsecured Creditors' Committee and The Ginther Trusts,

7/4

*Court declines to "modify" under §1127; however, this is without prejudice to any agreement between parties or any other requested relief under state or other federal law.*

A Texas Joint Venture, Civil Action No. H-01-1960-CV, in the United States District Court for the Southern District of Texas, Houston Division

b.  Fergus M. Ginther v. Advent Trust Company and The Ginther Trusts, A Texas Joint Venture, Civil Action No. H-02-0685-CV, in the United States District Court for the Southern District of Texas, Houston Division.

c.  Fergus M. Ginther and Adriana N. Ginther v. The Ginther Trusts, A Texas Joint Venture and Redstone El Dorado Acquisition, L.P., Civil Action No. H-00-1295-CV, in the United States District Court for the Southern District of Texas, Houston Division (the "Redstone Action")

d.  The Matter of Two Trust Groups Established by Noble C. Ginther, Sr. and Minnie L. Ginther in the Probate Court Number 1 of Harris County, Texas, Cause No. 322916;

e.  Proof of Claim, dated May 30, 2001, in the amount of $1,900,000.00 (Claim #16);

f.  Proof of Claim, dated June 11, 2001, in the amount of $120,000.00 (Claim # 39);

g.  Proof of Claim of NuCorp, Inc., dated July 16, 1998, in the amount of $6,000,000.00 (Claim #7).

5.  on the Closing Date Fergus shall file a motion (or other appropriate writing) and a proposed order in a form approved by Trustee, seeking the dismissal or withdrawal with prejudice in the cause styled and numbered: Advent Trust Company v. NationsBank, N.A., Cause No. 231,749-407, pending in the Probate Court No. 3 of Harris County, Texas, of the following:

a.  any request to appoint Lisa Lee de Montaigu as the executor of the probate estate of Noble C. Ginther, Sr.;

b.  any request to compel arbitration with any representative of the probate estate of Noble C. Ginther, Sr.; and

c.  any request for relief against Liquidating Trustee, Lisa Lee de Montaigu, and against any trust or probate estate (or its representative) described in Paragraph 12 of this Order.

6.  on the Closing Date Liquidating Trustee shall file a motion and proposed order in a form approved by Fergus, seeking the immediate withdrawal of the sanctions sought against Fergus and his counsel under Rule 9011 in this case. On the Closing Date or as soon as practical thereafter, Liquidating Trustee will use her best efforts to persuade Redstone El Dorado Acquisition, L.P. to seek to the vacation of the order in the Redstone Action sanctioning Fergus and his counsel;

7. on the Closing Date Liquidating Trustee shall pay $400,000.00 to Fergus or his designee from the Residual Fund under the first priority Section 4.6 of the Plan. To the extent necessary because of the lack of available funds, the members of Class 6A under the Plan shall waive their respective right to receive on the Closing Date a distribution equal to such distribution to Fergus;

8. on the Closing Date Fergus and Adriana shall execute and deliver to Liquidating Trustee a general warranty deed in a form approved by Liquidating Trustee, conveying all of their respective interests in or to the following real properties to the Liquidating Trust:

> 367.414 acres in Harris County, Texas, comprised of two tracts, Tract A containing 366.24 acres, and Tract B containing 1.174 acres, said 367.414 acres being the remainder of that certain 2004.1534 acre tract (described as Tract One) in that certain Trustee's Deed recorded under Harris County Clerk's File No. M393931, in the Official Public Records of Real Property of Harris County, Texas.

9. on the Closing Date Fergus shall file a motion and proposed order in a form approved by Liquidating Trustee, seeking the immediate severance and separate trial for any and all of his individual claims against NationsBank, N.A. or its successor in the cause styled and numbered: Advent Trust Company v. NationsBank, N.A., Cause No. 231,749-407, pending in the Probate Court No. 3 of Harris County, Texas. In the event that (i) NationsBank, N.A. or its successor makes an offer of settlement to Fergus and Liquidating Trustee which is conditioned upon the joint acceptance of such offer by Fergus and Liquidating Trustee and that (ii) a dispute or disagreement arises between Fergus and Liquidating Trustee regarding any matter which prohibits Fergus and Liquidating Trustee from (a) jointly accepting such offer, (b) jointly rejecting such offer and/or (c) jointly making a counter-offer in response to such offer, then Fergus and Liquidating Trustee shall submit such dispute or disagreement to Alvin L. Zimmerman for binding arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association. Fergus and Liquidating Trustee shall each pay 50.0% of the fees and expenses charged by Alvin L. Zimmerman for each such arbitration;

10. by execution of these Stipulations and submission of them to this Court, Liquidating Trustee releases Fergus and Adriana of any claim, (as this term is defined in 11 U.S.C. § 101(5)), known or unknown, that the Liquidating Trustee has or may have against Fergus or Adriana or both of them;

11. by execution of these Stipulations and submission of them to this Court, Fergus and Adriana release Liquidating Trustee, any and all past or present members of the Trust Advisory Committee

3

(established pursuant to the Plan) and the Liquidating Trust of any claim (as this term is defined in 11 U.S.C. § 101(5)), known or unknown, that Fergus and/or Adriana has or may have against Liquidating Trustee, any and all past or present members of the Trust Advisory Committee, and/or the Liquidating Trust, save and except as expressly set forth in the Plan and/or in this Order;

12. upon the distributions under the Plan and this Order to Fergus and Adriana, Fergus and Adriana and any successor or assign shall not have any claim of any kind or nature against (i) the probate estate of Minnie Lee Ginther or Noble C. Ginther, Sr., (ii) the Grantor Trusts established by Noble C. Ginther, Sr. and Minnie Lee under the Fifth Amended Restated Revocable Trust Agreement, dated April 7, 1989, and/or (iii) the Ginther GST Exemption Trusts established by Noble C. Ginther, Sr. and Minnie Lee Ginther under document dated April 7, 1989 and , (iv) any legal representative of any of the aforementioned estates and trusts, save and except for any claim against Advent Trust Company or NationsBank, N.A.;

13. Fergus is given leave to withdraw his vote against and objection to the Plan and to vote for the Plan; and

14. by execution of these Stipulations and submission of them to this Court, Liquidating Trustee, Fergus and Adriana consent and agree to submit any dispute or disagreement regarding this Order and any provision thereof solely to this Court for adjudication; including but not limited to any dispute or disagreement regarding any interpretation of any provision of this Order, and they further agree that this Court may issue and/or enter such writs, orders and other process as may be necessary to enforce any provision of this Order or the Plan, exercising its jurisdiction over the parties to these Stipulations and the subject matters of this Order and the Plan to the fullest extent permitted by law.

SIGNED on this 5th day of June, 2002.

_William Greendyke_
WILLIAM GREENDYKE
UNITED STATES BANKRUPTCY JUDGE

4

Agreed to and Entry Requested:

*[signature]*

Charles E. Long
Morris, Lendais, Hollrah & Snowden, P.C.
1980 Post Oak Boulevard; Suite 700
Houston, Texas 77056
Attorney for Lisa Lee de Montaigu, Liquidating Trustee

*[signature]*

Berry D. Bowen
3333 West Alabama, Suite 100
Houston, Texas 77098
Attorney for Fergus M. Ginther, Sr., a/k/a Fergus M. Ginther and Adriana N. Ginther

MEMBER OF CLASS 6:

_____
Fergus M. Ginther, Sr.
728 Longbend
Galena, Missouri 65656

_____
Noble C. Ginther, Jr.
4 Rocky Lane
Houston, Texas 77040

_____
E.L. Ginther
Brown's Book Store
1517 San Jacinto
Houston, Texas 77002

_____
Marilyn Ginther Orr
10627 Floral Park Dr.
Austin, Texas 78759

Agreed to and Entry Requested:

_____
Charles E. Long
Morris, Lendais, Hollrah & Snowden, P.C.
1980 Post Oak Boulevard; Suite 700
Houston, Texas 77056
Attorney for Lisa Lee de Montaigu, Liquidating Trustee

*/s/ Berry D. Bowen*
Berry D. Bowen
3333 West Alabama, Suite 100
Houston, Texas 77098
Attorney for Fergus M. Ginther, Sr., a/k/a Fergus M. Ginther and Adriana N. Ginther

MEMBER OF CLASS 6:

*/s/ Fergus M. Ginther*
Fergus M. Ginther, Sr.
728 Longbend
Galena, Missouri 65656


_____
Noble C. Ginther, Jr.
4 Rocky Lane
Houston, Texas 77040


_____
E.L. Ginther
Brown's Book Store
1517 San Jacinto
Houston, Texas 77002


_____
Marilyn Ginther Orr
10627 Floral Park Dr.
Austin, Texas 78759

Agreed to and Entry Requested:

_____
Charles E. Long
Morris, Lendais, Hollrah & Snowden, P.C.
1980 Post Oak Boulevard; Suite 700
Houston, Texas 77056
Attorney for Lisa Lee de Montaigu, Liquidating Trustee

_____
Berry D. Bowen
3333 West Alabama, Suite 100
Houston, Texas 77098
Attorney for Fergus M. Ginther, Sr., a/k/a Fergus M. Ginther and Adriana N. Ginther

MEMBER OF CLASS 6:

_____
Fergus M. Ginther, Sr.
728 Longbend
Galena, Missouri 65656

_____
Noble C. Ginther, Jr.
4 Rocky Lane
Houston, Texas 77040

_____
E.L. Ginther
Brown's Book Store
1517 San Jacinto
Houston, Texas 77002

_____
Marilyn Ginther Orr
10627 Floral Park Dr.
Austin, Texas 78759

5

TOTAL P.06

Agreed to and Entry Requested:

_____
Charles E. Long
Morris, Lendals, Hollrah & Snowden, P.C.
1980 Post Oak Boulevard; Suite 700
Houston, Texas 77056
Attorney for Lisa Lee de Montalgu, Liquidating Trustee


_____
Berry D. Bowen
3333 West Alabama, Suite 100
Houston, Texas 77098
Attorney for Fergus M. Ginther, Sr., a/k/a Fergus M. Ginther and Adriana N. Ginther


MEMBER OF CLASS 6:


_____
Fergus M. Ginther, Sr.
728 Longbend
Galena, Missouri 65656


_____
Noble C. Ginther, Jr.
4 Rocky Lane
Houston, Texas 77040


_____
E.L. Ginther
Brown's Book Store
1517 San Jacinto
Houston, Texas 77002

/s/ Marilyn Ginther Orr
Marilyn Ginther Orr
10627 Floral Park Dr.
Austin, Texas 78759

5

Agreed to and Entry Requested:

_____
Charles E. Long
Morris, Lendais, Hollrah & Snowden, P.C.
1980 Post Oak Boulevard; Suite 700
Houston, Texas 77056
Attorney for Lisa Lee de Montaigu, Liquidating Trustee


_____
Berry D. Bowen
3333 West Alabama, Suite 100
Houston, Texas 77098
Attorney for Fergus M. Ginther, Sr., a/k/a Fergus M. Ginther and Adriana N. Ginther


**MEMBER OF CLASS 6:**


_____
Fergus M. Ginther, Sr.
728 Longbend
Galena, Missouri 65656

_/s/ Noble C. Ginther_____
Noble C. Ginther, Jr.
4 Rocky Lane
Houston, Texas 77040


_____
E.L. Ginther
Brown's Book Store
1517 San Jacinto
Houston, Texas 77002


_____
Marilyn Ginther Orr
10627 Floral Park Dr.
Austin, Texas 78759

5